MARCH 24, 1948

**No. 52239.**—SUIT 4562.—United States *v.* Waterbury Lock & Specialty Co.——
—C. D. 1025 affirmed January 27, 1948. C. A. D. 384.

**No. 52240.**—SUIT 4563.—United States *v.* Albers Bros. Milling Co. et al.—██ —C. D. 1027 reversed January 27, 1948. C. A. D. 380.

MARCH 25, 1948

**No. 52241.**—SUIT 4566.—United States *v.* California Milk Producers Assn. et al.——Abstract 51352 reversed January 27, 1948. C. A. D. 382.

**No. 52242.**—SUIT 4578.—Roche-Organon, Inc. *v.* United States.— —C. D. 1048 reversed January 6, 1948. C. A. D. 378.

BEFORE THE FIRST DIVISION, MARCH 31, 1948

**No. 52243.**—Bairwol Co. *v.* United States, petition 6619–R (New York).

Opinion by OLIVER, P. J. A partner in the petitioning firm testified that the petitioner purchased the art work and story from which plates were made; that matrices were supplied to a Mexican company for printing the inserts of the books; that the books were shipped to this country where covers and binding were obtained to complete them; that petitioner, the agent of the Mexican seller, after completion of the books, sold them to a distributing company; and that the appraised price of 4.85 cents was arrived at from prices disclosed in the contracts made by the petitioner with the distributing company. Before the goods were shipped, the witness visited the United States Treasury attaché's office in Mexico City in an endeavor to determine the price for entry purposes and was given a formula to compute the cost. He instructed the shipper to follow said formula and the shipper and petitioner, after taking into consideration all proper costs and charges, including the profit against the item to be made up, arrived at a valuation of 4 cents for the purpose of making entry.

The customhouse broker testified that he submitted a request for information to the appraiser at which time the examiner had no information; that the merchandise was then entered at the invoice price; that subsequently he was advised to amend the entry, but while awaiting instructions from the petitioner to amend, the entry was passed at an advanced value. From the entire record it was held that the petitioner and its broker disclosed all information in their possession to the proper customs officials and that there was no intent to defraud the revenue of the United States. The petition was therefore granted.